## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBIN BOYD** | * | **CIVIL DOCKET NO.** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **CHRISTOPHER ANDERSON, SELECTIVE** | * | |
| **INSURANCE COMPANY OF AMERICA,** | * | |
| **ADCANCED CLIMATE SOLUTIONS LLC** | * | **MAG:** |
| **OF ILLINOIS, AND STATE FARM MUTUAL** | * | |
| **AUTOMOBILE INSURANCE COMPANY** | * | |

**************************************************************************

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendants, Christopher Anderson, Advanced Climate Solutions LLC of Illinois, and Selective Insurance Company of America, ("Defendants"), with full reservation of any and all defenses, objections, and exceptions, hereby give notice of the removal of this civil action from the Twenty-Ninth Judicial District Court, Parish of St. Charles, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. A copy of this Notice of Removal is also being filed with the Clerk of Court for the Twenty-Ninth District Court, Parish of St. Charles, State of Louisiana. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. As grounds for this removal, Defendants respectfully represent that:

## BACKGROUND

1.

This action commenced against Defendants in the Twenty-Ninth Judicial District Court, Parish of St. Charles, State of Louisiana, when Plaintiff filed her Petition for Damages on July 28,

2022, said action being designated as Case No. 90796, Div. C ("The State Court Action"). A complete copy of the state court record is attached as Exhibit "A".

2.

Advanced Climate Solutions LLC of Illinois, Selective Insurance Company of America, and State Farm Mutual Automobile Insurance Company were served with the Petition setting forth Plaintiffs' claims for relief on August 11, 2022; Christopher Anderson was served via long arm on August 23, 2022. True and correct copies of all process and pleadings served upon Defendants in said action are attached as Exhibit "A".

3.

On October 31, 2022, Defendants timely filed this Notice of Removal in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §1446(b).

4.

This lawsuit arises out of an alleged accident on September 23, 2021, wherein Plaintiff, Robin Boyd, claims she was traveling on US 90 in St. Charles Parish when Defendant, Christopher Anderson, allegedly rear-ended the vehicle Boyd was operating. *See* Petition for Damages contained in Exhibit "A," at ¶¶ 2-5.

5.

Plaintiff alleges that at the time of the accident, Anderson was acting in the course and scope of his employment with Advanced Climate Solutions LLC of Illinois. *See* Petition for Damages contained in Exhibit "A," at ¶ 6.

6.

Plaintiff further avers that Advanced Climate Solutions LLC of Illinois was negligent in its hiring, training, and/or supervision of its employee. Exhibit "A," at ¶¶ 6-10. Finally, Plaintiff avers

that at the time of the accident, Christopher Anderson and Advanced Climate Solutions LLC of Illinois were insured by a policy of insurance issued by Selective Insurance Company of America. *Id.* at ¶ 14.

## JURISDICTIONAL BASIS FOR REMOVAL

7.

This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) the requisite diversity of citizenship exists between Plaintiff and Defendants.

**A.    The Amount in Controversy is Satisfied**

8.

Plaintiff alleges that as a result of the various acts of negligence on the part of Defendants, she is entitled to recover for property damage, past and future mental anguish, past and future physical pain and suffering, past and future loss of enjoyment of life, past and future medical expenses, past and future loss of wages, and impairment of earning capacity. *See* Petition for Damages contained in Exhibit "A" at ¶ 13. Finally, Plaintiff seeks to recover all litigation expenses and costs allowable by law, reasonable attorney fees, and all other forms of relief provided by law. *Id.* at ¶ "WHEREFORE."

9.

In *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992), the Fifth Circuit [determined] that the thirty-day time period in which a defendant must remove a case starts to run from the defendant's receipt of the initial pleading only when that pleading "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." The *Chapman* court rejected the notion of having a district court inquire into a

defendant's subjective knowledge of the value of a claim instead opting for more certainty in determining when an initial pleading triggers removal. *Ussery v. Alpha Mut. Ins. Co.*, CV 06-0495, 2006 WL 8456482, at *2 (E.D. La. June 6, 2006).

10.

Here, Plaintiff's initial pleading did not affirmatively reveal on its face that Plaintiff was seeking damages in excess of $75,000.00. Further, Defendants have received no medical records evidencing plaintiff's injuries and/or medical expenses following the subject accident. Defendants are only in possession of an estimate for Plaintiff's property damage totaling $1,101.77. Due to the low-impact nature of the accident and the minimal-to-nonexistent damage on the vehicles, Defendants were not initially aware that Plaintiff was seeking damages in excess of the jurisdictional limit under 28 U.S.C. § 1441.

11.

On October 23, 2022, Plaintiff was asked to execute a Stipulation that her damages did not exceed the jurisdictional amount of $75,000.00. *See* 10/23/22 email from Defense counsel, attached hereto as Exhibit "B." Thereafter on October 24, 2022, Plaintiff's counsel responded by saying, "Ms. Boyd's damages exceed $75,000.00." *See* 10/24/22 email from Plaintiff's counsel, attached hereto as Exhibit "C." Absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints" stating that the damages are not more than the minimum jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995), quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n.10. Accordingly, October 24, 2022 is the first notice Defendants received that Plaintiff's damages are over the jurisdictional minimum.

12.

Defendants' Notice of Removal is timely filed within thirty (30) days of receipt by movant "of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3). For a document to be considered "other paper" under §1446(b), it must result from the voluntary act of plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction. *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000). The Fifth Circuit has held that "other paper" can include documents wholly absent from the state court proceedings, including correspondence between parties, deposition testimony, and other discovery materials. *See id.* (receipt by the defendant of the plaintiff's demand letter outside the pleadings is other paper under §1446(b)); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996) (removal of petition based on evidence in deposition testimony supported federal jurisdiction under §1446(b)); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (answer to an interrogatory constitutes an other paper); *Ford v. Shoney's Restaurant, Inc.*, 900 F.Supp. 57, 59 (E.D. Tex. 1995) (plaintiff's medical bills qualify as "other paper").

13.

Moreover, this Honorable Court held in *Ussery v. Alpha Mut. Ins. Co.*, CV 06-0495, 2006 WL 8456482 (E.D. La. June 6, 2006) that it follows the Fifth Circuit in requiring that the "other paper" or information received by a defendant supporting removal be "unequivocally clear and certain." (Citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). In Ussery, a Plaintiff's unresponsiveness to a request for stipulate did not constitute unequivocally clear and certain information supporting removal. *Ussery*, 2006 WL 8456482 at *5.

14.

Within the past thirty (30) days, Defendants have received "unequivocally clear and certain" information that changes the removableness of this case. As set forth above, based upon information received from Plaintiff's counsel, the Plaintiff's damages exceed $75,000.00 and Plaintiff is still treating for the subject accident. Exhibit C.

15.

Therefore, based on Plaintiff's claims and the information from her counsel received on or about October 24, 2022, it is apparent that the amount in controversy clearly exceeds the jurisdictional amount required for removal based on diversity of citizenship pursuant to 28 USC §§ 1332 and 1341.

**B.      There Is Complete Diversity of Citizenship**

16.

As alleged in her Petition, Robin Boyd, is a citizen of the State of Louisiana. *See* Petition for Damages contained in Exhibit "A," at ¶ "NOW INTO COURT."

17.

Defendant, Advanced Climate Solutions LLC of Illinois is a limited liability company of Illinois with its principal office in University Park, Illinois.  Advanced Climate Solutions LLC of Illinois, therefore, is considered a citizen of Illinois.

18.

Selective Insurance Company of America is a corporation that is incorporated under the laws of the State of New Jersey and has its principal place of business in Branchville, New Jersey. As such, Selective Insurance Company of America is a citizen of New Jersey.

19.

State Farm Mutual Automobile Insurance Company is a corporation that is incorporated under the laws of the State of Illinois and has its principal place of business in Illinois.  As such, State Farm Mutual Automobile Insurance Company is a citizen of Illinois.

20.

Defendant Christopher Anderson is domiciled in McLean County, State of Illinois, and as such he is considered a citizen of Illinois.

21.

Because Plaintiff is a Louisiana resident and Defendants are considered citizens of New Jersey and Illinois, complete diversity exists in this action.

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

22.

Advanced Climate Solutions LLC of Illinois, Selective Insurance Company of America, and State Farm Mutual Automobile Insurance Company were served with the Petition setting forth Plaintiffs' claims for relief on August 11, 2022.

23.

Christopher Anderson was served via long arm with the Petition setting forth Plaintiffs' claims for relief on August 23, 2022.

24.

Defendants file this Notice of Removal within thirty (30) days from receipt of an "other paper from which it may be first ascertained that the case is one which is or has become removable" under 28 U.S.C. §1446(b), and within one year after commencement of this action, which was filed on July 28, 2022. This removal is therefore timely.

25.

Defendant, State Farm Mutual Automobile Insurance Company, consented to this removal. The Consent to Removal executed is attached hereto.

26.

The United States District Court for the Eastern District of Louisiana encompasses the parish in which the state court action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §§ 104(a) and 1441(a).

27.

Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal with the Clerk of the Twenty-Ninth Judicial District Court, Paris of St. Charles, State of Louisiana, where the action is currently pending. Copies of the State Court Notice of Filing Removal, together with this Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants, Christopher Anderson, Advanced Climate Solutions LLC of Illinois, and Selective Insurance Company of America respectfully remove this action, *"Robin Boyd v. Christopher Anderson, Selective Insurance Company of America, Advanced Climate Solutions LLC of Illinois, and State Farm Mutual Automobile Insurance Company"* bearing docket number 90796, Div. C, from the Twenty-Ninth Judicial District Court, Parish of St. Charles, State of Louisiana, to this Court, pursuant to 28 U.S.C. § 1441.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

Respectfully submitted:

**DUPLASS APLC**

*s/Joseph G. Glass*

_____

**JOSEPH G. GLASS (#25397)**
**LAURA L. POUSSON (#38871)**
433 Metairie Road, Suite 600
Metairie, Louisiana 70005
Telephone: (504) 832-3700
Facsimile:  (504) 324-0676
jglass@duplass.com
lpousson@duplass.com
**Counsel for Defendants, Christopher Anderson,**
**Advanced Climate Solutions LLC of Illinois, and**
**Selective Insurance Company of America**

## C E R T I F I C A T E

I hereby certify that a copy of the foregoing document has been forwarded to all known counsel of record by depositing a copy of same in the United States Mail, properly addressed and postage prepaid on the 2nd day of November, 2022.

*s/Joseph G. Glass*

_____

**JOSEPH G. GLASS**